EDWARD STAMM, Respondent, *v.* GEORGE H. BOSTWICK,
Appellant.

*Right of an alien to take real estate from a native born citizen and hold it — acquisition
by purchase includes a devise.*

One Eliza Anderson, a native born citizen of the United States, died on October
27, 1867, leaving a will, by which she devised certain real estate, of which she
was seized, to an adopted daughter, Eliza, for the term of her natural life,
with remainder in fee to her lawful issue after her death. The daughter,
who was also a native born citizen, entered into and remained in actual pos-
session of the premises until 1875, when she died, leaving an only daughter,
Elizabeth, and the plaintiff, her husband, to whom she was married in 1862.
The daughter died September 10, 1881, unmarried and intestate. Upon her
death the plaintiff, who was born in the electorate of Hesse, in 1846, and came
to the United States in 1860, took possession of the premises, and on October
13, 1881, he filed his declaration of his intention to become a citizen, and on
October 23, 1884, became fully naturalized.
*Held,* that the plaintiff was entitled to take and hold the lands, as against the
defendant who would be entitled to the premises in case the plaintiff was dis-
qualified by alienage, by virtue of the treaty made in 1828, between the
United States and Prussia, with which kingdom the electorate of Hesse was
incorporated in 1866, and also by virtue of chapter 115 of 1845, as amended by
chapter 38 of 1875.
*Bollermann* v. *Blake* (24 Hun, 193); *Kull* v. *Kull* (37 id., 476); *Hall* v. *Hall* (81 N.
Y., 184) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon
a trial at the circuit by the court without jury.

*Johnson & Tilton,* for the appellant.

*Coudert Brothers,* for the respondent.

Davis, P. J.:

This action was brought to quiet a title to certain lands and
premises in the city of New York, and to restrain and enjoin the
defendant from in any way interfering with the quiet enjoyment
and possession thereof by the plaintiff. The question presented is
substantially whether the title of the property described in the
complaint is in the plaintiff or in the defendant. The facts are
briefly these: One Eliza Anderson, a native born citizen of the
United States, died October 27, 1867, seized in fee and possessed of

the house and lot known as No. 6 West Twelfth street, in the city of New York. By her last will and testament duly made and probated, she devised those premises to her niece and adopted daughter, Eliza Anderson, for the term of her natural life, with remainder in fee to her lawful issue after her death. Eliza Anderson entered into possession and remained in actual possession until her death, which took place February 11, 1875. She was also a native born citizen of the United States. She was married to Edward Stamm, the plaintiff, on the 22d of January, 1862. The only issue of such marriage was a daughter, Elizabeth Stamm, born January 6, 1869, who survived her mother. On the death of Mrs. Stamm, Elizabeth, as daughter of Mrs. Stamm, and the plaintiff, entered into possession of the premises as owner thereof in fee under and by virtue of the will and codicil of the Eliza Anderson first above mentioned, and continued in the actual possession thereof until her death, which took place September 10, 1881. She was a native born citizen of the United States, and died intestate unmarried, and leaving no issue and leaving her father, the plaintiff, her surviving. Upon her death the plaintiff took possession of the premises and has since occupied the same, receiving the rents, issues and profits thereof. The plaintiff was born in the electorate of Hesse, on the 16th of January, 1846, came to the United States July 19, 1860, and has since resided therein. He filed his declaration to become a citizen October 13, 1881, and was fully naturalized on the 23d of October, 1884. The defendant is a brother of the deceased mother of Mrs. Stamm, and is a native born citizen of the United States of full age, and if the plaintiff, the father of said Elizabeth Stamm, is incapacitated from inheriting or holding, or disposing of the lands of which she died seized, then the defendant, as the heir-at-law of said Elizabeth Stamm, was entitled to said premises immediately upon her death. The defendant demanded possession of the premises from the occupant thereof.

The electorate of Hesse, in which said Edward Stamm, the plaintiff, was born, became a part of the kingdom of Prussia on the 20th of September, 1866. By treaty between the United States and the kingdom of Prussia, concluded in 1828, and ever since remaining in full force and effect, it was provided, that "where, on the death of any person holding real estate within the territories of the

one party, such real estate would, by the laws of the land, descend on a citizen or subject of the other, were he not disqualified by alienage, such citizen or subject shall be allowed a reasonable time to sell the same and to withdraw the proceeds without molestation."

Upon this state of facts the court below adjudged that the plaintiff was entitled to judgment, declaring himself the owner and entitled to the possession of the lands in suit. At the time the plaintiff's daughter died he was a resident alien, being then a subject of the king of Prussia, who had long resided in the United States, but had taken no other step toward changing his allegiance to the elector of Hesse or to the king of Prussia, and the incorporation of that country into the Prussian monarchy had the effect to transfer the allegiance of the plaintiff to the king of Prussia, and to entitle him to all the rights secured to subjects of Prussia residing within the territory of the United States. If, therefore, the plaintiff could not inherit from his daughter under our laws, he certainly was entitled, by virtue of the treaty above mentioned, to be allowed " a reasonable time to sell the property and to withdraw the proceeds without molestation." The effect of such a provision of the treaty has been fully discussed by this court in the late cases of *Bollermann* v. *Blake* (24 Hun, 193) and *Kull* v. *Kull* (37 id., 476). In the last of these cases this court held that under a similar treaty provision the title to the land vested in the alien heir, subject to defeasance for non-compliance with the conditions imposed of selling the same within the time limited.

But if there were any doubt upon this point we are of opinion that under the statute, chapter 115 of 1845, as amended by chapter 38 of the Laws of 1875, the plaintiff was rendered capable of inheriting the premises in question.

The statute provided that " if any * * * native citizen of the United States, who has purchased and taken, or hereafter shall purchase and take, a conveyance of real estate within this State, has died, or shall hereafter die, leaving persons who, according to the statutes of this State, would answer the description of heirs of such deceased person or of devisees under his last will," * * * such persons, " whether they are citizens or aliens, are hereby declared and made capable of taking and holding, and may take and hold, * * * as if they were citizens."

But if any of such heirs or devisees are males of full age, they shall not hold the estate as against the State, unless they make and file the prescribed deposition. Under this statute we think the plaintiff inherited the title of his daughter. She was a native born citizen of the United States. She had taken the title to the lands by purchase under the will of her great aunt Eliza Anderson. The purchase was in consideration of blood. Acquisition by purchase includes every mode of taking title except descent or inheritance. (*Hall* v. *Hall*, 81 N. Y., 134.) In that case the court say: "There seems to be no public policy which would justify the inference that the legislature intended to discriminate between a title by deed and by devise." (Id., 136). Her father, therefore, although an alien, was capable of taking and holding the lands owned and held by his daughter, she having acquired the same by devise under the will of Eliza Anderson. No one could interfere with that title except the State of New York, in default of taking the steps prescribed by the statute relating to naturalization. Whether such default occurred or not is immaterial, because it could not enure to the benefit of the defendant.

But it appears that the plaintiff, soon after the death of his daughter, filed his declaration of intention, and at the proper time thereafter became a citizen of the United States.

We do not see any ground for interfering with the judgment of the court below.

It must be affirmed, with costs.

Brady, J., concurred.

Judgment affirmed, with costs.